Slip Op. 10-103

# UNITED STATES COURT OF INTERNATIONAL TRADE

```
-------------------------------------------------------x
CHANGZHOU WUJIN FINE CHEMICAL          :
FACTORY CO., LTD. and JIANGSU          :
JIANGHAI CHEMICAL GROUP, LTD.,         :
                                       :
              Plaintiffs,              :
                                       :
       v.                              :
                                       :           Before: Judith M. Barzilay, Judge
UNITED STATES,                         :           Consol. Court No. 09-00216
                                       :
              Defendant,               :
                                       :
       and                             :
                                       :
COMPASS CHEMICAL                       :
INTERNATIONAL, LLC,                    :
                                       :
              Defendant-Intervenor.    :
-------------------------------------------------------x
```

## OPINION

[The court denies Plaintiffs' Motion for Rehearing and Reconsideration.]

Dated: September 13, 2010

*Riggle & Craven* (*David J. Craven*), for Plaintiffs.

*Tony West*, Assistant Attorney General; *Jeanne E. Davidson*, Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Antonia R. Soares*); *Ahran Kang McCloskey*, Attorney-International, Of Counsel, Office of the Chief Counsel for Import Administration, United States Department of Commerce, for Defendant.

*Mondial Trade Compliance Services & Solutions Inc*. (*Jeffrey S. Levin*), for Defendant-Intervenor.

   Barzilay, Judge: Plaintiffs Changzhou Wujin Fine Chemical Factory Co., Ltd., and

Jiangsu Jianghai Chemical Group, Ltd. (together, "Plaintiffs"), move pursuant to Rule 59 for

reconsideration of this court's August 5, 2010 opinion in the above-captioned case.[1]  *See*

*Changzhou Wujin Fine Chem. Factory Co. v. United States*, Slip Op. 10-85, 2010 WL 3239213

(CIT Aug. 5, 2010).  Specifically, Plaintiffs claim that the court erred in sustaining the U.S.

Department of Commerce's ("Commerce") adjustment of the U.S. price in

*1-Hydroxyethylidene-1, 1-Diphosphonic Acid from the People's Republic of China*, 74 Fed. Reg.

10,545 (Dep't of Commerce Mar. 11, 2009) (final determination) ("*Remand Determination*"), to

account for an industry standard sales commission.  Pls. Mot. 1; *see Changzhou Wujin Fine*

*Chem. Factory Co.*, 2010 WL 32392139, at *3.  For the reasons given below, the court denies

Plaintiffs' motion.

## I. Standard of Review

Whether to grant a motion for rehearing under USCIT Rule 59 "lies within the sound

discretion of the court."  *USEC, Inc. v. United States*, 25 CIT 229, 230, 138 F. Supp. 2d 1335,

1336 (2001) (citations omitted).  The court will not grant a rehearing merely to allow a losing

party to relitigate a case.  *Id.*, 138 F. Supp. 2d at 1336-37 (citations omitted).  The moving party

instead must show that the court committed "a fundamental or significant" error in the original

proceeding.  *Id.*

## II. Discussion

Plaintiffs assert that "the sole factual basis" for Commerce's use of an industry-wide

standard sales commission is a February 28, 2008 affidavit citing to a commission payment by

Nanjing University of Chemical Technology Changzhou Wujin Water Quality Stabilizer Factory,

Ltd. ("Wujin Water").  Pls. Mot. 2; *see* Pls. Mot. App. 1.  As all parties concede, however, during

---

[1] Familiarity with the procedural posture of this case is presumed.

the investigation Commerce found that Wujin Water did not pay a commission during the period of review.  Pls. Mot. 2; Def. Resp. 2-3.  Consequently, Plaintiffs maintain that "the only factual basis in the affidavit in support of the typical industry commission was expressly proven to be incorrect" and that the court must reverse its previous affirmation of Commerce's inclusion of the sales commission in the U.S. price.  Pls. Mot. 2.

  Unfortunately for Plaintiffs, when Commerce made its determination to include the sales commission in the U.S. price, Commerce did not rely upon the February 28, 2008 affidavit.  Rather, it based its conclusion on a revised affidavit submitted on March 26, 2008, before the investigation initiation.  *Remand Determination* at 6 & n.23; *see* Def. Resp. App. 2.  In addition to the information provided in the earlier affidavit, the revised affidavit states that the affiant imported subject merchandise from firms other than Wujin Water for which it paid a sales commission and that "[t]he . . . commission rate is typical of other traders/brokers exporting to the United States."  Def. Resp. App. 2 (brackets in original).  In other words, that Wujin Water did not pay a commission does not deprive Commerce of the substantial evidence required to support its determination that an industry standard sales commission exists.  *See Atl. Sugar, Ltd. v. United States*, 744 F.2d 1556, 1562 (Fed. Cir. 1984) ("Substantial evidence on the record means more than a mere scintilla and such relevant evidence as a reasonable mind might accept

**Consol. Court No. 09-00216** **Page 4**

as adequate to support a conclusion, taking into account the entire record, including whatever fairly detracts from the substantiality of the evidence." (quotation marks omitted)).

### III. Conclusion

The court **DENIES** Plaintiffs' motion for reconsideration.

Dated: September 13, 2010                      /s/ Judith M. Barzilay
      New York, New York                        Judith M. Barzilay, Judge

Slip Op. 10-103

# UNITED STATES COURT OF INTERNATIONAL TRADE

```
-------------------------------------------------------x
CHANGZHOU WUJIN FINE CHEMICAL        :
FACTORY CO., LTD. and JIANGSU        :
JIANGHAI CHEMICAL GROUP, LTD.,       :
                                     :
        Plaintiffs,                  :
                                     :
        v.                           :
                                     :           Before: Judith M. Barzilay, Judge
UNITED STATES,                       :           Consol. Court No. 09-00216
                                     :
        Defendant,                   :
                                     :
        and                          :
                                     :
COMPASS CHEMICAL                     :
INTERNATIONAL, LLC,                  :
                                     :
        Defendant-Intervenor.        :
-------------------------------------------------------x
```

## JUDGMENT

Upon consideration of the U.S. Department of Commerce's *Final Results of Redetermination Pursuant to Court Order*, the court's opinions in this case on August 5, 2010 and September 13, 2010, the record evidence, Plaintiffs' August 18, 2010 Response to Replies of Defendant and Defendant-Intervenor (stating that Plaintiffs do not wish to prosecute remaining issues in this case), and all other papers filed in this matter, it is hereby

**ORDERED** that the U.S. Department of Commerce's *Final Results of Redetermination Pursuant to Court Order* is **SUSTAINED**; and it is further

**ORDERED** that this case is **DISMISSED**.

Dated:   September 13, 2010                           /s/ Judith M. Barzilay
         New York, New York                           Judith M. Barzilay, Judge